

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-75,987-04

**EX PARTE REVAT RENE VARA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1061075-A IN THE 208TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to twenty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Vara v. State*, No. 01-07-00291-CR (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Applicant contends, among other things, that trial counsel rendered ineffective assistance. On November 12, 2013, we remanded this application and directed the trial judge to order counsel to respond and to make further findings of fact and conclusions of law. Applicant subsequently filed

a motion for an extension with this Court. On February 11, 2014, we granted an extension of ninety days for the supplemental record to be forwarded to this Court. After that deadline passed, Applicant filed a second motion for an extension with this Court. On September 17, 2014, we denied his motion with a written order and ordered the supplemental record to be forwarded to this Court by October 17, 2014.

We have now received the supplemental record and findings of fact in response to our September 17 order. The trial judge found that counsel's affidavit is not sufficient to resolve the contested fact questions in this application and that a live evidentiary hearing is necessary to resolve these questions.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial judge shall hold a live evidentiary hearing.

Applicant appears to be represented by counsel. If he is not, the trial judge shall determine whether he is indigent. If he is indigent and wishes to be represented by counsel, the trial judge shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After holding a live evidentiary hearing, the trial judge make further findings of fact and conclusions of law as to whether trial counsel's conduct was deficient and, if so, whether Applicant was prejudiced. The trial judge shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial judge has resolved the fact issues. The issues shall be resolved within 60 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial judge's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 90 days of the date of this order. No extensions shall be granted.

Filed: October 29, 2014
Do not publish